UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA               CASE NO.   3:17-cr-208-J-32MCR
                                                  18 U.S.C. § 641
v.

SACHIN BRAHMBHATT

### INFORMATION

The Acting United States Attorney charges:

### GENERAL ALLEGATIONS

At all relevant times to this Information:

### The Medicare Program

1. The Medicare program ("Medicare") was a federal health insurance program that provided coverage for people 65 and older, and for certain disabled persons. The United States Department of Health and Human Services (HHS) was responsible for the administration of the Medicare program. The Centers for Medicare and Medicaid Services (CMS) was the component agency of HHS that administers and supervises the Medicare program.

2. CMS contracted with First Coast Service Options (FCSO) to receive, adjudicate and pay certain Medicare claims submitted to it by Medicare

beneficiaries and providers in the State of Florida. First Coast Service Options was located at all relevant times in Jacksonville, Florida.

3. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

4. Medicare provided coverage and reimbursed for "outpatient medical services." These "outpatient medical services" are medical procedures or tests that were done in a qualified medical center without the need for an overnight stay.

5. The Medicare program, through its Part B coverage plan, paid providers for outpatient medical services such as physician office visits, Magnetic Resonance Imaging (MRI) and outpatient surgery.

6. In order for a medical provider to bill Medicare, that provider was required to meet certain contractual obligations to the programs. These obligations were to: (a) bill only for reasonable and necessary medical services; (b) not make false statements or misrepresentations of material facts concerning requests for payment; (c) provide economical medical services, and then, only where medically necessary; (d) assure that such services are not substantially in excess of the needs of such beneficiaries, and (e) not submit or cause to be submitted bills or requests for payment substantially in excess of the provider's costs.

7. To bill Medicare for services rendered, the healthcare provider was required to submit a claim on a "CMS Form 1500" to First Coast Service Options, or send the form to a billing service, which, in turn, billed Medicare on behalf of the provider. When a CMS Form 1500 was submitted, the provider certified that the contents of the form are true, correct, and complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare program.

8. On the CMS Form 1500, the provider was required to certified that "the services shown on this form were medically indicated and necessary for the health of the patient and were personally furnished by me or were furnished incident to my professional service by my employee under my immediate personal supervision, except as otherwise expressly permitted by Medicare regulations." The form advised the provider "any one who misrepresents or falsifies essential information to receive payment from Federal funds requested by this form may upon conviction be subject to fine and imprisonment under applicable Federal laws."

9. At all relevant times, Medicare made the physician the "gatekeeper" for determining when medical services were medically necessary, and it was the physician who "must certify the necessity of the services." See

3

42 U.S.C. §§ 1320c-5(a); 42 U.S.C. §§ 1395n(a)(2)(B) and 42 C.F.R. §§ 410.12(a)(3).

10. Absent a valid certification by the treating physician, Medicare lacked the statutory authority to pay the claim. See 42 U.S.C. §§1395n(a)(2)(b) and 1395y(a)(1) (stating that "no payment may be made . . . for any expenses incurred for items or services . . . which, . . . , are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member, . . . .").

## SACHIN BRAHMBHATT

5. SACHIN BRAHMBHATT was a podiatrist at Nourish Foot Care, a medical entity that billed various healthcare insurers, including Medicare, for the provision of medical services.

6. BRAHMBHATT was unlicensed and unqualified to independently bill Medicare. He, therefore, worked alongside podiatrist W.D., who was qualified to bill Medicare.

## COUNT ONE

Beginning in or about January 2015, and continuing through in or about August 2017, at Jacksonville and elsewhere, in the Middle District of Florida,

SACHIN BRAHMBHATT

4

the defendant herein, did knowingly and willfully steal, embezzle, purloin and convert to his own and others use, more than $1,000.00 in property of the United States, that is, medically unnecessary services reimbursed by the Medicare payment, property of the Department of Health and Human Services, an agency of the United States, with the intent to deprive the Department of Health and Human Services of the use and benefit of said property.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE

1.  The allegations contained in Count One of this Indictment is incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 641, the defendant, SACHIN BRAHMBHATT, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses.

3.  The property to be forfeited includes, but is not limited to, $121,537.50, which represents the proceeds of the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
JASON P. MEHTA
Assistant United States Attorney

By: _____
JAY TAYLOR
Assistant United States Attorney

By: _____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division